IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | Case No. CR-17-290-D |
| DANIEL WEBSTER KEOGH and DANIELLE KEOGH, a/k/a DANIELLE E. TRUITT, | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Defendant Daniel Webster Keogh's Motion in Limine to Determine the Admissibility of Certain Potential Evidence for the Evidentiary Hearing Scheduled for September 25, 2019 [Doc. No. 146]. The government has filed its Response [Doc. No. 158] as directed by the Court. Upon consideration, the Court finds and orders as follows.

The Court has set an evidentiary hearing to address the issue presented by Plaintiff's Motion to Find Breach of Plea Agreement [Doc. No. 32] of whether an August 2017 plea agreement between the government and Defendant Daniel Webster Keogh was knowingly and voluntarily made or, as he alleges, was coerced by undue government pressure and an unfounded threat to indict his wife if he did not accept the plea offer. Plaintiff's Motion was the subject of the Order of August 29, 2019 [Doc. No. 128] (hereafter, "August 29 Order"), which sets forth the standard of decision and the Court's rulings on certain legal issues presented by the Motion. Briefly stated, the Court determined that a written waiver of

Defendant's right under Fed. R. Evid. 410 to exclude statements he made in connection with an unconsummated guilty plea, may be enforced if the plea agreement containing the waiver was knowingly and voluntarily made.[1]

   A.   **Burden of Proof**

The first issue raised by Defendant's Motion is, which party bears the burden of proof to establish the voluntariness of the plea agreement? Defendant asserts that the government must establish a voluntary waiver of his Rule 410 rights; the government asserts that Defendant bears the burden to show the waiver was involuntary or coerced. The government bases its position on caselaw holding that a defendant who pleads guilty but then seeks relief from his guilty plea bears a heavy burden to prove involuntariness. *See* Resp. Br. at 6-8 (citing *United States v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992), *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003), and *United States v. Wright*, 43 F.3d 491, 499-500 (10th Cir. 1994)). All of the cited cases involve either post-conviction motions for relief under 28 U.S.C. § 2255 (*Whalen* and *Wright*) or a direct appeal from a conviction and sentence (*Edgar*), and are inapposite. In those cases, the defendant sought to overcome a prior finding of voluntariness.

In this case, although Defendant does not deny he executed the plea agreement and a plea petition in 2017, no judicial determination has been made that Defendant did so

---

[1] Only the government and Mr. Keogh were parties to the plea agreement, and while Mrs. Keogh is a codefendant in this case and has a substantial interest in the outcome of Plaintiff's Motion, she is not directly involved in the present dispute. In fact, she has provided a written waiver of her right to attend the hearing [Doc. No. 157]. Thus, in this Order, the Court refers to Mr. Keogh as simply "Defendant."

knowingly and voluntarily. That is the purpose of the September 25 hearing. The government may be able to establish the voluntariness of Defendant's conduct and Rule 410 waiver based on the documents themselves. *See, e.g.*, *United States v. Amos*, 984 F.2d 1067, 1074 (10th Cir. 1993) ("An express waiver is usually strong proof of the validity of that waiver."). Defendant may need to resist a finding of voluntariness by presenting evidence that his written representations should not be accepted as true. However, the Court declines to hold that the government bears no burden to prove its case for enforcing the plea agreement and waiver. *See* August 29 Order at 3-4 (citing *United States v. Calabrese*, 645 F.2d 1379, 1390 (10th Cir. 1981), which held that "the government has the burden of establishing a breach by the defendant" of a plea agreement, but if the defendant "fail[s] to produce an affidavit or any other evidence raising a factual dispute, summary disposition of the issue [is] proper") (footnote omitted); *see also United States v. Mezzanatto*, 513 U.S. 196, 210 (1995) ("absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable").

In short, the government's Motion seeking a determination that Defendant breached the 2017 plea agreement is the matter presented for decision, and the Court will look to the government to prove the voluntariness of Defendant's plea agreement.

**B.     Defendant's Implied Waiver of Attorney-Client Privilege**

Defendant states that one witness who may be called to testify regarding the circumstances surrounding Defendant's execution of the plea papers is his attorney, Ed Blau. Specifically, "Mr. Blau [may] provide evidence about the advice he gave the

3

Defendant regarding the legal consequences of signing any alleged plea agreement." *See* Def.'s Mot. at 2-3. Defendant requests a ruling "that, if such evidence is offered, any waiver of attorney-client privilege would be strictly limited to the 'subject matter' of Mr. Blau's legal advice regarding the consequences of signing the alleged plea agreement on waiving any legal rights and not extend to any other topics." *Id*. at 3, 10. The government does not oppose this request. *See* Resp. Br. at 13. Therefore, the Court rules that any waiver of attorney-client privilege that may be implied from Defendant's calling Mr. Blau to testify regarding his advice to Defendant will be strictly limited to the subject matter of Mr. Blau's testimony on direct examination.

      **C.**      **The Manner of Presenting Attorney Testimony**

Defendant also requests that the Court permit him to present evidence of Mr. Blau's advice through a written affidavit or declaration submitted for *in camera* consideration. *See* Def.'s Mot. at 10. The government opposes this request, including any suggestion that the submission be made *ex parte*, without giving the government an opportunity to review or challenge the substance of the declaration. *See* Resp. Br. at 13-15. Upon consideration, the Court finds that Defendant has failed to justify either request, that is, to provide Mr. Blau's testimony in the form of a declaration or to submit it during an *in camera* proceeding.

      **D.**      **Proposed Testimony of the Government's Attorneys**

Although not the subject of any request for relief, Defendant suggests in his Motion that he may call the prosecutors to testify about time constraints they placed on Defendant's decision to sign the plea agreement and pressure related to possible charges against his

wife. *See* Def.'s Mot. at 2. In response, the government argues that their attorneys cannot be compelled to testify because Defendant has not complied with *Touhy*[2] regulations promulgated by the Department of Justice, 28 C.F.R. § 16.21 *et seq*. The government states, however, that it will be prepared to present evidence in the form of stipulations, documentary evidence, proffers, and the testimony of a case agent. *See* Resp. Br. at 17. Because Defendant has not sought an order compelling the government's counsel to testify, the Court finds no issue for decision at this time. However, the Court agrees with the government that Defendant must satisfy applicable federal regulations before seeking such an order.

IT IS THEREFORE ORDERED that Defendant Daniel Webster Keogh's Motion in Limine [Doc. No. 146] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 25th day of September, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).