IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Case No. CR-17-290-D |
| DANIEL WEBSTER KEOGH and DANIELLE KEOGH, a/k/a DANIELLE E. TRUITT, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR LEAVE
TO FILE DOCUMENTS UNDER SEAL**

Before the Court is Defendant Daniel Webster Keogh's Motion for Leave to File Documents Under Seal [Doc. No. 215]. Dr. Keogh asks to seal eight proposed exhibits to his Supplemental Brief in Support of Motions to Dismiss [Doc. No. 214] because the documents were produced by the government subject to the Protective Order entered January 2, 2018.[1] Dr. Keogh apparently makes this request out of caution; he "takes no position as to the confidentiality of the . . . exhibits." *Id*. at 2. The government opposes the Motion on the grounds that sealing is unnecessary and some of the same documents have already been publicly filed. *See* Pl.'s Resp. Br. [Doc. No. 219] at 1, 4.

Upon consideration, the Court finds that Dr. Keogh's Motion should be denied. The Protective Order prevents the disclosure of documents that include personal data identifiers and financial account numbers. *See* Protective Order [Doc. No. 17]. The Motion does not

---

[1] Contemporaneously with the Motion, Dr. Keogh also filed the documents under seal in a separate Appendix [Doc. No. 216], without court authorization and without properly labeling the attached exhibits. *See* ECF Policies & Procedures Manual, § II.A.4.a.

state that the proposed exhibits contain protected information, and the documents already in the court record do not appear to contain such information.  The Court is also mindful of the Tenth Circuit's guidance that "there is a strong presumption in favor of public access" to court documents and the presumption of openness can only "be overcome where countervailing interests heavily outweigh the public interests in access to the judicial record."  *See United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (internal quotations omitted).  The Motion does not attempt to justify the request for secrecy.

The Court also questions whether the proposed exhibits, which are voluminous, need to be filed at all.  Dr. Keogh only refers to them generally in footnotes of his Supplemental Brief, and the points to be made – that the contracts do not require segregation of funds and concern military operations in Afghanistan – are shown by existing court documents and are not disputed by the government.  Burdening the case record with voluminous, unhelpful, or duplicative exhibits, does not assist the Court in its consideration of the parties' pending motions.  That said, if defense counsel deems the filing of the proposed exhibits to be beneficial or otherwise warranted, the Court will allow Dr. Keogh to publicly file the exhibits as an appendix to his Supplemental Brief.

IT IS THEREFORE ORDERED that Defendant Daniel Webster Keogh's Motion for Leave to File Documents Under Seal [Doc. No. 215] is DENIED.  The unauthorized, sealed Appendix [Doc. No. 216] is STRICKEN.  Dr. Keogh is authorized to file an appendix of exhibits, if appropriate, within 7 days from the date of this Order, provided it is clearly identified with a reference to the related brief and filed in accordance with the Court's ECF Policies and Procedures Manual.

IT IS SO ORDERED this 24th day of March, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge