IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-17-290-D |
| ) | |
| DANIEL WEBSTER KEOGH ) | |
| a/k/a Web Keogh, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Daniel Webster Keogh's Motion in the Alternative to Disqualify Government Attorneys [Doc. No. 36], which hinges on the admissibility of certain evidence. Defendant requests an order disqualifying the assigned prosecutors, Assistant United States Attorneys Chris Stephens and K. McKenzie Anderson, from further representation of the government in this case if the Court finds that a plea agreement and a plea petition that Defendant signed in an earlier case are admissible trial evidence. Following an evidentiary hearing and related filings, the Court granted the government's motion *in limine* to preadmit the plea documents, subject to certain conditions. *See* 9/14/20 Order [Doc. No. 241]. Assuming the government may succeed in admitting relevant portions of the documents at trial, the Court finds that a ruling on Defendant's Motion should be made. The government has filed its Response [Doc. No. 45] to the Motion, and Defendant has filed an authorized Reply [Doc. No. 49].

Defendant states that if the plea documents are admitted – putting before the jury his incriminating statements regarding one of the charges in this case – he intends to call the

prosecutors involved in the plea negotiations to testify regarding the circumstances that led to his alleged coercion by the government to sign the plea papers in August 2017. Defendant contends he is entitled to inform the jury of the government's conduct that included, from his perspective, an unfounded threat to indict his wife if he did not accept the plea offer and unreasonable time constraints. Defendant asserts that the only other potential witnesses to these facts – he and his lawyers – cannot testify without waiving either his Fifth Amendment right to remain silent or his Sixth Amendment right to counsel of his choice (because a testifying attorney could not act as his trial counsel). Because the government's attorneys also cannot serve as both trial witnesses and trial advocates, Defendant proposes that the prosecutors be disqualified from further representation of the government.

The Court is not persuaded by Defendant's arguments. Defendant recognizes the applicable rule: "To disqualify a prosecutor on the grounds that they will be called as a witness, the Defendant must demonstrate a compelling and legitimate reason to do so." *See* Def.'s Br. Supp. Mot. Disqualify [Doc. No. 39] at 23 (quoting *United States v. Regan*, 103 F.3d 1072, 1083 (2d Cir. 1997)); *see United States v. Watson*, 952 F.2d 982, 986-87 (8th Cir. 1991) (prosecutor may be called to testify only if defendant demonstrates "compelling need" for specific testimony) (collecting cases); *see also United States v. Wooten*, 377 F.3d 1134, 1143 (10th Cir. 2004) ("It is well settled that the district court may decline to allow the defendant to call the prosecutor as a witness if it does not appear the prosecutor possesses information vital to the defense."). The Court finds that Defendant has not alleged or shown a compelling need to call the prosecutors as trial witnesses in this case.

Defendant identifies the subject of the necessary testimony as the circumstances of the government's plea offer in the prior case that will place in context his decision to complete and sign the plea papers. *See* Def.'s Br. Supp. Mot. Disqualify at 24; Reply Br. at 2-3. Defendant contends this evidence will allow the jury to assess the "credibility and weight it should afford" any incriminating statements that are admitted at trial. *See* Reply Br. at 3, 8. Specifically, Defendant wants to inform the jury that the government pressured him to sign the plea papers with alleged threats communicated by the prosecutors through his attorneys. *Id*. at 4, 8. He relies on case law holding that a defendant has a right for a jury to evaluate the surrounding circumstances of a defendant's confession so that the jury can determine what, if any, weight to give the confession. *Id*. at 4-5.

The same allegations of coercion and duress were made in opposition to the government's motion to determine the admissibility of the plea papers. The Court conducted an evidentiary hearing on the government's motion, and the evidence presented at the hearing confirms what is implicit in Defendant's argument: The prosecutors were not present when he signed the plea papers and had no direct communications with him regarding the plea agreement. They have no direct knowledge of the circumstances under which the plea papers were signed. The prosecutors' knowledge is limited to the allegedly coercive statements made to his attorneys, namely, that the offer would expire on a certain date and that a consequence of not accepting the government's offer would be a presentation of its case against Defendant and his wife to the next grand jury. These facts could be presented at trial without calling the prosecutors to testify about them; they are fully set forth in the correspondence between a prosecutor and Defendant's attorney and

are not disputed. They could be sufficiently presented to the jury through stipulations or documentary evidence.

Further, this same issue of possible testimony was raised in connection with the evidentiary hearing on the government's motion. In preparation for the hearing, Defendant filed a Motion *in Limine* to Determine the Admissibility of Certain Potential Evidence [Doc. No. 146]. Defendant suggested in the Motion that he might call the prosecutors to testify about the time constraints they placed on Defendant's decision to sign the plea agreement and the alleged pressure of possible charges against his wife. In response, the government pointed out that its attorneys could not be compelled to testify because Defendant had not complied with *Touhy*[1] regulations promulgated by the Department of Justice, 28 C.F.R. § 16.21 *et seq*. At that time, the Court found no issue for decision because Defendant had not sought an order compelling the government's counsel to testify and had not complied with federal regulations that must be met before seeking such an order. *See* 9/25/19 Order [Doc. No. 162] at 5. These circumstances have not changed. Therefore, the Court also finds that Defendant has not established a factual basis for disqualifying the prosecutors from representing the government at trial.

IT IS THEREFORE ORDERED that Defendant Daniel Webster Keogh's Motion in the Alternative to Disqualify Government Attorneys [Doc. No. 36] is DENIED.

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

5

IT IS SO ORDERED this 13th day of August, 2021.

*[Signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge