**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-17-290-D |
| | ) | |
| DANIEL WEBSTER KEOGH, | ) | |
| a/k/a Web Keogh, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REGARDING DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE PLEA AGREEMENT AND PLEA PETITION**

Currently before the Court is Defendant Daniel Webster Keogh's Motion *in Limine* to Exclude Plea Agreement and Plea Petition [Doc. No. 295]. The government has filed a timely response [Doc. No. 318]. For the following reasons, the Court finds that the Motion should be denied on the existing briefs.

Defendant asks the Court to revisit its prior rulings regarding the admissibility at trial of his plea agreement with the government in *United States v. Keogh*, Case No. CR-17-191-M (W.D. Okla. Aug. 28, 2017), and a plea petition prepared in that case. These issues were the subject of prior orders in this case in 2019 and 2020 [Doc. Nos. 128, 162 and 241], an evidentiary hearing, and a thorough analysis by the Court of the issues presented for decision. Now, at the eleventh hour before his jury trial begins January 11, 2022, Defendant asserts that the Court overlooked a critical issue that remains undecided and compels the exclusion of this evidence. Alternatively, Defendant urges the Court to revisit its decision to admit the plea documents and thus avoid difficult foundational issues

for the government and a presentation by the defense regarding the surrounding circumstances of the plea documents.

The government strongly disagrees with both Defendant's view of the Court's prior rulings and his position regarding the admission of this evidence. In its response, however, the government goes a step further and asks the Court to revisit part of its September 14, 2020 Order [Doc. No. 241], discussing conditions to be met before the documents are admitted at trial. Upon consideration, the Court finds that both parties' requests should be denied.

As a preliminary matter, the Court notes that the parties agreed on a case schedule, which was approved and repeatedly amended, to permit a timely resolution of pretrial issues and orderly preparation for trial. The deadline for filing motions *in limine* expired long ago, and since that time, no party has requested or obtained permission to further extend it. *See* Order Granting Fourth Joint Mot. Continue Trial [Doc. No. 92]; 7/25/10 Order [Doc. No. 114] (extending deadline to file motions *in limine* until Aug. 19, 2019). For this reason alone, the Court could refuse to entertain Defendant's Motion. *See United States v. Garrison*, 761 F. App'x 808, 810 (10th Cir. 2019) (unpublished) (recognizing authority to enforce pretrial deadlines); Fed. R. Crim. P. 12(c).

Further, Defendant's Motion asks the Court to revisit issues previously addressed and to reconsider rulings previously made. The Court recognizes that "[m]otions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "A motion to reconsider may be granted when the court has

misapprehended the facts, a party's position, or the law. *Id*. (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  It "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id*.

With these principles firmly in mind, the Court elects to consider Defendant's assertion that a critical issue was overlooked and remains undecided.  Upon so doing, the Court finds this claim is baseless.  The Court cautions Defendant's counsel against further ill-conceived motions that waste judicial resources already taxed by multiple last-minute filings of the parties and nonparties to whom Defendant recently issued trial subpoenas.[1]

Defendant asserts that the Court did not decide whether he "breached the Plea Agreement and, as a result, triggered the Rule 410 and Rule 11(f) waiver" provision of the agreement.  *See* Def.'s Mot. at 2.  In support of this assertion, Defendant re-urges an argument presented in his original brief, that is, he did not breach the Plea Agreement by failing to enter a guilty plea because he never waived his right under Rule 11(d) to withdraw a guilty plea before it was accepted.  *See* Def.'s Resp. Opp'n Govt's Mot. to Find Breach of Plea Agreement [Doc. No. 39] at 15-16.  In fact, the Court rejected this argument when it granted the government's Motion to Find Breach of Plea Agreement [Doc. No. 32] upon finding that "Defendant knowingly and voluntarily agreed to enter a guilty plea to the criminal charge that now appears in Count 5 of the Superseding Indictment." *See* 9/14/20 Order [Doc. No. 241] at 3.  That is, Defendant agreed to enter a guilty plea to a charge that is now presented in this case because he failed to perform his agreement as promised in

---

[1] One such motion has been filed and another is anticipated. *See* Michael McClintock's Mot. Quash Trial Subpoena [Doc. No. 314] at 1 n.1.

Case No. CR-17-191-M.   Under the terms of Defendant's plea agreement and the arguments presented, any contention that Defendant could agree to enter a guilty plea but reserve an inchoate right to withdraw it merited no discussion.

The primary issue previously raised by the parties' arguments was whether Defendant's Rule 410 waiver became effective when he executed the plea agreement, without acceptance of the agreement by the district court.   The Court decided this issue adversely to Defendant in its Order of August 29, 2019 [Doc. No. 128].   By arguments in support of his present Motion, Defendant effectively asks the Court to reconsider this decision, but he presents no meritorious reason to do so.

Both parties also seek to revisit the Court's decision in the September 14, 2020 Order regarding the admissibility of the plea agreement and plea petition as trial evidence. Defendant previously opposed the government's Motion *in Limine* to Pre-Admit Plea Petition and Petition into Evidence [Doc. No. 32] only with Rule 403 arguments regarding unfair prejudice and jury confusion, which were rejected.   He now presents additional arguments that are unpersuasive.[2]   The Court will decide whether the government has met the conditions for admission under the Federal Rules of Evidence when requested, and if appropriate, at a hearing outside the presence of the jury, pursuant to Fed. R. Evid. 104. The Court finds that the government's proffer of redacted documents and arguments in

---

[2]   In part, Defendant raises the specter of revisiting allegations of coercion and duress in the execution of the plea documents that were previously heard and rejected by the Court in pretrial proceedings regarding the voluntariness of the Rule 410 waiver.   Defendant's trial presentation will be subject to rulings by the Court under Rule 403 and Rule 611.

response to Defendant's Motion is not a proper means to request a determination of these preliminary questions.

**IT IS THEREFORE ORDERED** that Defendant Daniel Webster Keogh's Motion *in Limine* to Exclude Plea Agreement and Plea Petition [Doc. No. 295] is **DENIED**.

**IT IS SO ORDERED** this 5th day of January, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge