# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-17-290-D |
| ) | |
| DANIEL WEBSTER KEOGH, and ) | |
| a/k/a Web Keogh, ) | |
| DANIELLE KEOGH, ) | |
| a/k/a DANIELLE E. TRUITT, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING UNITED STATES' MOTION
## TO QUASH DEFENDANT'S RULE 17 SUBPOENA

Before the Court is the United States' Motion to Quash Defendant's Rule 17 Subpoena [Doc. No. 294]. Defendant Daniel Webster Keogh has timely responded [Doc. No. 319].[1]

Defendant has issued a trial subpoena to K. McKenzie Anderson, requiring her to appear and testify at his jury trial now set to begin January 24, 2022. Ms. Anderson was the lead prosecutor in this case before she resigned from the United States Attorney's Office in December 2021. Defense counsel states an intention to call Ms. Anderson as a witness during Defendant's case-in-chief (if any) to examine her regarding three areas of inquiry: "(1) witness interviews conducted by the Government as part of its investigation

---

[1] Because counsel for Defendant Daniel Webster Keogh issued the subpoena and Mr. Keogh is the only defendant who filed a timely objection or response to the Motion, the Court views the instant dispute as one between the government and Mr. Keogh. Thus, all references in this Order to "Defendant" mean Mr. Keogh.

of Dr. Keogh, (2) prior allegations of misconduct similar to the ones identified in this case, and (3) the circumstances surrounding the Plea Agreement and Plea Petition in 2017." *See* Def.' Resp. Br. at 1. The government moves to quash the subpoena and prevent Defendant from calling Ms. Anderson as a trial witness on any topic.

## Standard of Decision

In criminal cases, subpoenas of witnesses for trial are authorized by Fed. R. Crim. P. 17(a). Unlike Rule 17(c) regarding subpoenas to produce documents, Rule 17(a) does not expressly provide for a motion to quash or limit the subpoena. However, federal courts have held that "[r]oughly the same standard applies to subpoenas compelling the attendance of witnesses" and subpoenas under Rule 17(c). *See Stern v. United States Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000). The Supreme Court in *United States v. Nixon*, 418 U.S. 683 (1974), established the standard governing a Rule 17(c) subpoena that has been distilled to three fundamental elements: 1) relevancy; 2) admissibility; and 3) specificity. *Id*. at 699-700. As applied to a Rule 17(a) subpoena, "a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Stern*, 214 F.2d at 17.[2] Thus, a district court has discretion to quash a Rule 17(a) subpoena "[w]here the testimony sought is cumulative or immaterial." *United States v. Bebris*, 4 F.4th 551, 559 (7th Cir.), *cert. denied*, 142 S. Ct. 489 (2021). Further, where the proposed testimony would be inadmissible at trial under Rule 403 because it has minimal

---

[2] The Supreme Court has implicitly recognized this standard regarding trial subpoenas by stating that a defendant seeking compulsory attendance of a witness must show the witness's testimony is relevant and material. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867-68 (1982).

probative value that would be substantially outweighed by the risk of unfair prejudice or other consideration under Rule 403, a district court does not abuse its discretion by denying a subpoena to obtain the witness's testimony. *See United States v. LeBeau*, 867 F.3d 960, 976 (8th Cir. 2017).

In August 2021, the Court ruled that Defendant would not be permitted to call Ms. Anderson as a trial witness. *See* 8/13/21 Order [Doc. No. 267] (denying Defendant's motion to disqualify the prosecutors as trial witnesses). Defendant asserts that the calculus has changed since that ruling was made because Ms. Anderson is no longer the prosecutor and now can appear as a witness without jeopardizing her role as a trial attorney in the case. Also, Defendant has identified additional areas of potential testimony in the interim and has complied with *Touhy*[3] regulations governing employees of the Department of Justice, 28 C.F.R. § 16.21 *et seq.*, which previously presented an obstacle to her testimony. *See* 8/13/21 Order at 4; *see also* 9/25/19 Order [Doc. No. 162] at 5.

Upon consideration, however, the Court finds that Defendant has failed to justify a reversal of its prior ruling. Defendant is correct that he faces a less stringent legal standard than when he previously asked to call Ms. Anderson as a trial witness – one of relevance and materiality rather than "compelling need." *See* 8/13/21 Order at 2. Even under this lesser standard, however, the Court finds that Defendant has failed to justify his recent subpoena for her testimony.

---

[3] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

## Discussion

### 1. Ms. Anderson's Witness Interviews

Defendant proposes to examine Ms. Anderson regarding witness interviews in which she participated during the government's criminal investigation or as part of her pretrial preparation. Upon consideration, the Court finds that Defendant does not identify any material information that Ms. Anderson could provide. Defendant's arguments to justify an inquiry into this area are based on allegations of prosecutorial misconduct raised in a motion to dismiss the Superseding Indictment. The Court has now denied that motion, in part, because the allegations were factually unsupported. *See* 1/10/22 Order [Doc. No. 362] at 4-5. Further, Defendant provides no justification for making those allegations part of his jury trial regarding his guilt or innocence of the charges in the Superseding Indictment.

Defendant states a belief that Ms. Anderson's testimony will show she acted improperly during the government's investigation and pretrial preparation, and pressured certain witnesses to alter prior statements or shade their testimony in favor the government's theory of the case. The Court addressed this belief in the January 10 Order and need not revisit it; the belief is unfounded. Also, even substantial allegations of misconduct or bias by Ms. Anderson in pretrial proceedings would not present a jury issue. *See*, *e.g.*, *United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) ("defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury"); *United States v. Berrigan*, 482 F.2d 171, 175 (3d Cir. 1973) (allegations of discriminatory prosecution did not raise a defense to be presented to or

decided by the jury). The function of the jury trial is to determine Defendant's guilt or innocence; evidence that Ms. Anderson engaged in improper prosecutorial conduct before trial is irrelevant to that question and not proper trial evidence. *See United States v. Rodella*, 59 F. Supp. 3d 1331, 1360-61 (D. N.M. 2014) (evidence of prosecutor's vindictive motive or bias is irrelevant to guilt or innocence and is inadmissible at trial).

Defendant asserts that Ms. Anderson's alleged conduct goes to the credibility of witnesses. He proposes to show that inconsistencies in certain witnesses' statements were manufactured by Ms. Anderson and that unfavorable statements were caused by pressure from Ms. Anderson during witness interviews. Defendant contends he should be allowed to present extrinsic evidence to show unfavorable testimony of witnesses at trial is not credible because it is tainted by Ms. Anderson's efforts. The Court is not persuaded.

Impeachment of a witness using inconsistent statements is accomplished through effective cross-examination. Defense counsel can ask a witness about his or her prior statements and why his or her testimony may have changed. The best source of information about a witness's statements is the witness himself. Defendant's proposed strategy of examining Ms. Anderson about the interviews and her interview techniques would generate testimony that the Court finds to be inadmissible evidence under Rule 403. Any probative value of such testimony would be substantially outweighed by the danger of confusing the issues and wasting time. The Court intends during the trial of this case to keep firm control over the presentation of witnesses, as permitted by Rule 611. Defendant's proposed examination of Ms. Anderson is the sort of unnecessary presentation that the Court will not permit counsel for any party to make during the jury trial.

### 2. Prior Allegations of Misconduct

Defendant suggests that Ms. Anderson has engaged in prosecutorial misconduct in other cases and that he should be allowed to inform the jury of prior allegations of conduct similar those that he made against her in this case. Defendant raised these allegations in the motion for dismissal that was denied on January 10. The Court rejected the accusations without a hearing as unfounded, and Defendant does not present any basis to revisit that determination. *See* 1/10/22 Order at 3 n.1. Further, Defendant presents no persuasive theory of relevance of those allegations to the jury's determination of the trial issues. His unfounded allegations do not have any bearing on his guilt or innocence of the charges.

### 3. Circumstances of Defendant's Plea Agreement in 2017

Ms. Anderson was one of the prosecutors in an earlier case in which Defendant agreed to plead guilty to the charge that is now Count 5 of the Superseding Indictment. Defendant executed a plea agreement and a completed plea petition in August 2017 but failed to enter a guilty plea and, instead, was indicted in this case in December 2017. Defendant has alleged that his decision to plead guilty was influenced by the prosecutors' conduct of applying undue pressure, such as imposing unreasonably short time constraints and threatening to indict his wife. These allegations have already been the subject of lengthy pretrial proceedings, including an evidentiary hearing, and have been rejected by the Court. The Court has determined that Defendant was not coerced to make an involuntary agreement, Rule 410 waiver, or incriminating statements. *See* 9/14/20 Order [Doc. No. 241] at 15. Accordingly, the Court has ruled that the plea agreement and plea

petition are admissible at trial, provided certain preliminary questions are decided in the government's favor. *Id*. at 17, 20.

Assuming the plea agreement and plea petition are admitted, Defendant proposes to call Ms. Anderson to testify about the 2017 plea negotiations. Defendant asserts that evidence regarding the prosecutors' conduct is relevant to show the pressure that was applied by the government to influence his decision and conduct, and that the circumstances surrounding his failed 2017 plea are proper for consideration by the jury when judging the credibility of his incriminating statements and assessing the weight to be given the plea documents. Defendant is correct that evidence of the circumstances of an inculpatory statement or admission is proper for consideration by the jury.

After careful consideration, however, the Court finds that Defendant does not explain what information Ms. Anderson could provide that is relevant to a disputed issue. The case record and evidence already received by the Court during pretrial proceedings establish that the facts on which Defendant relies to show prosecutorial pressure or coercion are undisputed. The government extended a written plea offer to Defendant that was communicated in writing. The documentary evidence is clear and needs no explanation. The time pressure about which Defendant complains was simply "a firm deadline" that was not unreasonably short, and any coercive effect was "a creature of his own making." *See* 9/24/20 Order at 15. Ms. Anderson was not the signatory on the letter and has no personal knowledge of any time pressure Defendant experienced while considering the offer as a result of the deadline. Based on the evidence previously presented, the Court has already made the following findings:

7

> The prosecutors were not present when [Defendant] signed the plea papers and had no direct communications with him regarding the plea agreement. They have no direct knowledge of the circumstances under which the plea papers were signed. The prosecutors' knowledge is limited to the allegedly coercive statements made to his attorneys, namely, that the offer would expire on a certain date and that a consequence of not accepting the government's offer would be a presentation of its case against Defendant and his wife to the next grand jury. These facts could be presented at trial without calling the prosecutors to testify about them; they are fully set forth in the correspondence between a prosecutor and Defendant's attorney and are not disputed.

*See* 8/13/21 Order at 4-5. These facts may properly be considered in resolving preliminary questions of admissibility under Fed. R. Evid. 104, and based on them, the Court finds that Defendant has not shown Ms. Anderson is likely to provide any testimony regarding the coercive circumstances of the plea documents that is relevant or material to his defense.

Similarly, the alleged "threat" to indict Mrs. Keogh was the subject of an evidentiary hearing conducted by the Court on September 25, 2019. The case record and the evidence presented showed that what Defendant characterizes as a threat was stated in writing and was not made by Ms. Anderson. It consisted of a statement that a consequence of not accepting the plea or reaching a plea agreement would be that charges would be presented to a grand jury and would include charges against Defendant's wife. This was simply a statement of the consequences of a decision to reject the government's offer, and was improper only if the prosecutors lacked probable cause to seek charges against Mrs. Keogh. A prosecutor "acts appropriately when he informs a defendant that he is considering . . . filing additional charges if the defendant does not plead guilty." *United States v. Delgado-Salazar*, 487 F. Supp. 3d 1181, 1189 (D.N.M. 2020). "In our [criminal justice] system, so long as the prosecutor has probable cause to believe that the accused committed an offense

8

defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

In this case, the Court has already found that no improper threat was made. Specifically, the facts found by the Court, which are properly considered under Rule 104 in resolving preliminary questions about the admissibility of evidence of a threat by the prosecutors, are as follows:

> The Court easily finds that probable cause existed at the time Defendant was given the opportunity to resolve the matter with a guilty plea. Thus, the Court finds no bad faith conduct by the prosecutors in informing Defendant that the government intended to pursue criminal charges against his wife if he did not enter into the Plea Agreement. This was not an improper threat but a factual statement about the consequences of his decision.

*Id.* at 16. Thus, the Court finds that no factual basis exists for Defendant to claim that a threat was made. In any event, Ms. Anderson has no direct knowledge of how Defendant may have perceived the allege threat or understood it. Those are factual matters known only to Defendant and his attorneys.

Further, were any relevance shown, the Court would find that Ms. Anderson's proposed testimony is inadmissible under Rule 403. There is no reason to waste trial time calling Ms. Anderson to testify about narrow facts that can be established with documentary evidence, should Defendant elect to present a case-in-chief. The limited usefulness of any relevant testimony that Ms. Anderson could provide does not warrant requiring her to appear and testify as a trial witness.

## Conclusion

For all of these reasons, the Court finds that the subpoena to Ms. Anderson should be quashed.

**IT IS THEREFORE ORDERED** that the United States' Motion to Quash Defendant's Rule 17 Subpoena [Doc. No. 294] is **GRANTED**. K. McKenzie Anderson is excused from complying with Defendant's subpoena and need not appear to testify at trial.

**IT IS SO ORDERED** this 12th day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge