IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-17-290-D |
| ) | |
| DANIEL WEBSTER KEOGH ) | |
| a/k/a Web Keogh, and ) | |
| DANIELLE KEOGH, ) | |
| a/k/a Danielle E. Truitt, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF DECISION**

The Court conducted a hearing on January 13, 2022, that addressed, among other things, the resolution under Fed. R. Evid. 104 of preliminary questions about whether certain evidence is admissible. In making this determination, "the court is not bound by evidence rules." Fed. R. Evid. 104(a).

The evidence at issue is two documents proffered by the government at the hearing as Exhibit 9, a Plea Agreement between the government and Defendant Daniel Webster Keogh made in August 2017 (which has been redacted), and Exhibit 10, a Petition to Enter Plea of Guilty, which was completed in August 2017 and purportedly signed by Mr. Keogh and one of his attorneys, Ed Blau (also redacted). For consideration under Rule 104, the government tendered Exhibits 1-4, which consist of certified copies of previous filings in this case and transcripts of prior hearings in this case and *United States v. Keogh*, Case No. CR-17-191-M (W.D. Okla. Aug. 28, 2017). The government also submitted as Exhibits 5-8 unredacted documents related to the prior plea agreement, consisting of the

written Plea Agreement, the Petition, the Plea Supplement (referenced in the Plea Agreement), and the Information (stating the charge to which Mr. Keogh agreed to plead guilty). All these exhibits were admitted at the hearing solely for the purpose of Rule 104 findings without objection by any party, except Mr. Keogh objected to Exhibits 9 and 10.

The Court has determined in prior orders that Mr. Keogh validly waived the protection of Fed. R. Evid. 410, that the waiver is enforceable against him in this case, that the Plea Agreement and inculpatory statements of Mr. Keogh in the Petition were voluntarily made, and that these documents are admissible during the government's case-in-chief during Mr. Keogh's jury trial, subject to the satisfaction of foundational provisions of the Federal Rules of Evidence and to redaction of parts of the documents that are irrelevant or improper for consideration by the jury. These conditions are the subject of the January 13 hearing and this Memorandum of Decision.

The first issue for decision is authentication of the documents. This is a preliminary matter for the Court to decide before the documents can be used as evidence at trial. Authentication in the evidentiary sense is not the same as authenticity from a factual standpoint. Federal Rule of Evidence 901 requires a proponent to establish that an item of evidence is what the proponent purports it to be. Here, the government asserts that the Plea Agreement and Petition are documents executed by Mr. Keogh and that they contain statements by him relevant to the present case. Authentication is a fairly low bar, and does not equate to a view of the Court that the matter is credible or that it has great probative value. Indeed, conflicting evidence on genuineness goes to weight, not admissibility, so long as a reasonable person could find the item is what it is claimed to be. *See, e.g., Rickets*

2

*v. City of Hartford*, 74 F.3d 1397, 1411 (2d Cir. 1996); *see also Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 126 (2d Cir. 2016) ("Rule 901 . . . is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification."). Upon consideration of the documentary evidence received at the hearing, and a proffer of expected testimony from a supervisory attorney in the United States Attorney's Office who signed the Plea Agreement, the Court finds that the government has properly authenticated the Plea Agreement (Ex. 5) and the Petition (Ex. 7).

The Court further finds that the documents overcome any hearsay objection under the circumstances here. The Plea Agreement is akin to a verbal act in that it is a contract reflecting offer, acceptance, and terms, the making of which have substantive legal significance, and thus it is not hearsay. *See*, *e.g.*, *Tribeca Lending*, 815 F.3d at 125-26. Statements in the Petition are not hearsay because the exceptions of Rule 801(d)(2)(A) and (B) apply. The statements are offered against Mr. Keogh and were made by him or adopted by him as true, under penalty of perjury.

These preliminary determinations under Rule 104 that evidence is admissible do not bar Mr. Keogh from presenting evidence or argument going to the genuineness of the documents and the credibility or weight to be given the Plea Agreement and Petition.

Mr. Keogh also raises a constitutional challenge to the Court's determination of the admissibility of the exhibits. He contends the Confrontation Clause of the Sixth Amendment, and principles announced in *Crawford v. Washington*, 541 U.S. 36 (2004), bar the consideration of his attorneys' statements that he signed the plea documents. In his view, this is an impermissible use of testimonial evidence against him without an

opportunity to cross-examine the person making the statement. Mr. Keogh focuses on the evidence submitted by the government during the Rule 104 hearing on the issue of evidentiary authentication – statements by his attorneys in documents filed in the case affirming that Mr. Keogh signed the plea documents. The Court rejects Mr. Keogh's argument.

*Crawford* addressed the question of whether the Confrontation Clause bars the admission of hearsay statements made by a declarant who does not testify at trial. The Supreme Court held in *Crawford* that testimonial evidence cannot be admitted in a criminal trial unless the witness is unavailable and the defendant received a prior opportunity for cross-examination. Mr. Keogh provides no legal authority for the proposition that *Crawford* applies in a Rule 104 hearing under these circumstances. He cites cases that address evidence admitted against a defendant during a criminal jury trial. Here, the documented statements of Mr. Keogh's attorneys are simply being considered by the Court to decide preliminary evidentiary questions. Appellate courts have held that *Crawford* does not apply to foundational evidence used to authenticate records in making preliminary determinations of the admissibility of evidence. *See*, *e.g.*, *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007). More importantly, the evidentiary ruling of the Court will allow <u>Mr. Keogh's own statements</u> to be put before the jury – not testimonial hearsay from an unavailable witness. Although admittedly the introduction of Mr. Keogh's statements may present difficult choices regarding whether, and how, to present rebutting evidence, such considerations commonly present themselves whenever a defendant's potentially incriminating pretrial admissions are introduced by the government.

Finally, the Court must consider whether the redacted exhibits that the government proposes to offer contain any material to which the jury should not be exposed. Upon examination, the Court finds that Exhibit 9 contains on page 3 a portion of paragraph 4 of the Plea Agreement regarding the payment of restitution that should not be provided to the jury. Doing so would invite consideration of a criminal penalty for an offense charged in this case, and under the Order of January 4, 2022 [Doc. No. 321], should be excluded. Before the Plea Agreement is tendered at trial, the government must omit this material. That is, further redaction of Exhibit 9 should be made so that page 3 of the exhibit is blank.

The Court notes the objection of Defendant Danielle Keogh to the admission of the government's proposed exhibits. This objection has been previously raised and rejected by the Court in ruling on a pretrial motion for severance. The Court adopts the analysis stated in the Order of August 13, 2021 [Doc. No. 268]. No constitutional rights of Mrs. Keogh are implicated by admitting the documents at trial solely against Mr. Keogh, and an appropriate limiting instruction will be sufficient to protect her right to a fair trial. Mrs. Keogh has no standing to make an objection that asserts an alleged violation of Mr. Keogh's constitutional rights.

DATED this 14th day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge