# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-17-290-D |
| ) | |
| DANIEL WEBSTER KEOGH, ) | |
| a/k/a Web Keogh, and ) | |
| DANIELLE KEOGH, ) | |
| a/k/a Danielle E. Truitt, ) | |
| ) | |
| Defendants. ) | |

## ORDER REGARDING MOTIONS TO QUASH
## THIRD-PARTY SUBPOENAS

Before the Court are two Motions to Quash Third-Party Subpoenas [Doc. Nos. 380 and 381] filed respectively by Lawrence Livermore National Security, LLC and its attorneys, GableGotwals, P.C. and Hodgden Law Firm, PLLC. Defendant Daniel Webster Keogh, whose attorneys issued the subpoenas, has filed a single response [Doc. No. 382]. The movants have filed authorized replies [Doc. Nos. 385 and 386]. Upon consideration, the Court finds that the Motions should be granted.

Lawrence Livermore National Security, LLC ("Livermore") and two law firms that represented it in resisting a prior subpoena in 2018 ask the Court to quash subpoenas issued pursuant to Fed. R. Crim. P. 17(c). The subpoenas duces tecum command Livermore and its counsel to produce documents and information to Defendant's attorneys before trial; attached exhibits contain identical requests for documents over a 10-year time period (January 1, 2012, to the present) described as follows:

> All documents and communications [in Livermore's subpoena "between Livermore, including the Livermore General Counsel's office (including Mark Lough), Bob Yamamoto, Annemarie Meike, Genaro Mempin, Roger Werne, or others involved in the electromechanical battery project in connection with the CRADA" and in the law firms' subpoenas, between each firm "as well as all present and former agents, attorneys, employees, [and] representatives"] on the one hand; and current or former employees or agents of the United States Attorney's Office for the Western District of Oklahoma, including Assistant United States Attorneys Chris Stephens or K. McKenzie Anderson; or Federal Bureau of Investigation ("FBI") Special Agents Scott Billings, Jeffrey H. Carlson, or Lisa M. Miller; or United States Department of Agriculture Special Agent Damon B. Musick relating to:
> A. The electromechanical battery project in connection with the CRADA;
> B. The Keogh-Related Entities;
> C. OSU-UML;
> D. United States v. Keogh et al., No. 17-CR-00290; or
> E. The investigation leading to United States v. Keogh et al., No. 17-CR-00290.

Livermore's Mot., Ex. 7 [Doc. No. 380-7] at 7; Joint Mot. GableGotwals and Hodgden Law Firm, Exs. 7 & 8 [Doc. No. 381-7 and 381-8] at 6-7. The acronyms and "Keogh-Related Entities" are defined terms; the latter encompasses four entities and all their agents, attorneys, employees, and representatives.

In this circuit, a Rule 17(c) subpoena is governed by a familiar standard. The subpoena must satisfy requirements of relevance, admissibility, and specificity. *See United States v. Nixon*, 418 U.S. 683, 699-700 (1974); *see also United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006); *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002). The Motions seek to quash Defendant's subpoenas because 1) the subpoenas seek evidence that is not relevant or admissible but, instead, concerns a theory of defense that the Court has already found to be baseless, and 2) the subpoenas lack specificity and are "nothing more than a prohibited fishing expedition." *See*, *e.g.*, Livermore's Mot. at 2.

2

Defendant provides no persuasive response to the Motions. First, Defendant confirms that he seeks to obtain documents for possible use at trial to impeach Livermore witnesses whom the government may call.[1] Defendant hopes to uncover documents or communications that were not produced in discovery that might support a theory that the government's attorneys or agents influenced the way Livermore witnesses describe the battery project that is the subject of certain counts of the Superseding Indictment. Defendant also speculates that some of these communications might show bias by Livermore's witnesses arising from civil litigation brought by other third parties. Second, Defendant urges the Court to deviate from the *Nixon* standard and find that a subpoena seeking reasonable discovery should be enforced. *See* Def.'s Resp. Br. at 5-6.

The Court declines Defendant's invitation to ignore binding precedent and to expand the reach of Rule 17(c) subpoenas. The broad scope of his requests and the lack of specificity about whether any documents or communications responsive to the subpoenas exist, demonstrate that the *Nixon* standard is not met. Defendant also provides no additional information to suggest a factual basis for his defense theories, which have been rejected in prior orders. The arguments presented in Defendant's brief do not appear to be well grounded, and do not merit further discussion.

**IT IS THEREFORE ORDERED** that Lawrence Livermore National Security, LLC's Motion to Quash Third-Party Subpoena of Defendant Web Keogh [Doc. No. 380]

---

[1] In a footnote, Defendant identifies these witnesses by name, but his document requests are not so limited. *See* Def.'s Resp. Br. at 10 n.4.

3

and Joint Motion of GableGotwals, P.C. and the Hodgden Law Firm, PLLC to Quash Third-Party Subpoena of Defendant Web Keogh [Doc. No. 381] are **GRANTED**.

**IT IS SO ORDERED** this 24th day of February, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge